**Dated: November 25, 2009**
**The following is ORDERED:**

                                                Tom R. Cornish
                                       UNITED STATES BANKRUPTCY JUDGE

_____


NOT FOR PUBLICATION


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA


In Re:

Paula Jane Fent,                                     Case No. 09-81065
                                                    Chapter 7
     Debtor.


### ORDER GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN
### OF HOGANSON INVESTMENT PROPERTIES

On November 18, 2009, there came on for evidentiary hearing Debtor's Motion to Avoid Judicial Lien of Hoganson Investment Properties (Docket Entry 18) and Objection filed by Hoganson Investment Properties (Docket Entry 26). Debtor was present with her attorney, Melinda G. Dunlap, and Creditor Hoganson Investment Properties appeared by Mr. Jay Hoganson.[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding

---

[1] Mr. Hoganson represented to the Court that Hoganson Investment Properties, Inc. was dissolved, therefore he is proceeding *pro se*.

pursuant to 28 U.S.C. § 157(b). For reasons set forth below, the Debtor's Motion to Avoid Judicial Lien is granted.

Debtor testified that she resides at 7824 Highway 1, Calvin, Oklahoma. She and her husband purchased this property in 1984. According to her testimony, she has filed for homestead exemption for this property. She listed this property as exempt in Schedule C of her Bankruptcy Petition. On December 5, 2007, Creditor Hoganson Investment Properties obtained a judgment by default against her in Hughes County District Court for $5,255.19.[2] Creditor filed this judgment against her homestead in Hughes County, Oklahoma. Debtor also testified that she has a gate on her property that she keeps locked to prevent unwanted people from entering.

Mr. Hoganson agreed that Debtor is the record title owner of the property at issue, but he questioned Debtor as to whether she actually resides at the property that she claims as homestead. Under questioning from Mr. Hoganson, Debtor repeated her testimony that she does reside on the property and that it is her principal residence. He asked Debtor whether she actually lives at her son's residence, and Debtor responded that she did not live there. Mr. Hoganson stated that he is the owner of the property adjoining Debtor's, and that he resides on his property part-time. He represented to the Court that Debtor's property was approximately twenty-eight acres, outside the city limits. Debtor did not challenge this information. Mr. Hoganson also alleged that illegal activities were conducted on Debtor's property. He presented evidence of a Felony Information and Affidavit filed against Debtor, which alleges that Debtor is the residential owner of the subject real estate. He had no evidence to contradict Debtor's claim that she has filed a homestead exemption

---

[2]The Statement of Judgment from Hughes County appears to list $5,255.19 as the amount of the judgment, but Debtor's motion states that the amount was $5,285.19. This discrepancy is not important for purposes of this decision.

for this property with the Hughes County Clerk.

Debtor seeks to avoid Creditor's judicial lien pursuant to 11 U.S.C. § 522(f), asserting that the lien impairs her homestead exemption to which she is entitled under Oklahoma law. Creditor objects on the grounds that the subject real estate cannot qualify as homestead because the Debtor does not actually reside on the property, and if she does, the exemption is limited in amount under federal law. Section 522(f)(1) provides, in part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is - (A) a judicial lien . . . ." 11 U.S.C. § 522(f)(1). Section 522(d) lists the exemptions available under federal law, but states may choose to opt out of those federal exemptions and provide their citizens different exemptions. 11 U.S.C. § 522(b). Oklahoma's homestead exemption is found in Okla. Stat. tit. 31, §§ 1(A)(1) and 2. To qualify for a homestead exemption, the home must be the claimant's principal residence. The exemption for rural property, *i.e.*, located outside the city limits, is limited to 160 acres.

The Court finds from a preponderance of the evidence that the subject property is Debtor's principal residence and therefore qualifies as her homestead. Debtor testified that she acquired the property many years before Creditor's lien was filed against it. Several times she stated that she lives on the property. She also denied living at another location. Even the information provided by Creditor regarding alleged criminal activity indicates that the real property at issue is Debtor's residence. The Debtor's homestead is impaired by Creditor's judicial lien, therefore the lien may be avoided pursuant to 11 U.S.C. § 522(f).

3

Case 09-81065   Doc 46   Filed 11/25/09   Entered 11/25/09 12:20:44   Desc Main
Document      Page 3 of 4

IT IS THEREFORE ORDERED that Debtor's Motion to Avoid Judicial Lien of Hoganson Investment Properties (Docket Entry 18) is **granted**.

###

4